UNITED STATES BANKRUPTCY COURT
IN THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION (BAY CITY)

IN RE:

WILLIAM & CONSTANCE WELSH,

Debtors.
_______________________________/

Case No. 03-23181
Chapter 7 Proceeding
Hon. Daniel S. Opperman

KAREN E. EVANGELISTA, Chapter 7 Trustee,

Plaintiff,

A.P. No.

vs.

JAMES A. MASON and CONSTANCE L. WELSH,

Defendants.
_______________________________/

## COMPLAINT

NOW COMES the Karen E. Evangelista, Chapter 7 Trustee ("Trustee"), by and through her attorneys, Lambert, Leser, Isackson, Cook & Giunta, P.C., and for her Complaint, states:

### Jurisdiction and Venue

1. This is an adversary proceeding brought pursuant to 11 U.S.C. §§502, 541, 542, 543, 550, 551 & 363 and FRBP 7001 to recover property of the Bankruptcy Estate ("Estate") and sell such property for the benefit of the Estate.

2. This is a core proceeding pursuant to 28 U.S.C. §157(a)-(b) over which this court has jurisdiction pursuant to 28 U.S.C. §1334.

3. Venue of this adversary proceeding is proper in this Court pursuant to 11 U.S.C. §1409.

## General Allegations

4. The Trustee restates the allegations contained in paragraph 1 through 3 above and incorporates them by reference.

5. On August 19, 2003, Debtors, William P. Welsh Sr. ("William") and Constance L. Welsh ("Constance") filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code which was subsequently converted to a case under Chapter 7 of the Bankruptcy Code on January 24, 2007.

6. Karen E. Evangelista is the duly appointed trustee of the Estate.

7. Upon information and belief, Mary B. Dewey ("Dewey") is deceased.

8. Upon information and belief, James A. Mason ("Mason") is the brother of Constance and resides at 5443 Sharon Drive, Jackson, Michigan.

9. According to the Schedules filed by William and Constance, they held a joint interest in the real property commonly known as: 139 Broken Arrow Trail, Houghton Lake, Michigan as of the time of the bankruptcy filing (copy of Schedule A attached hereto as Exhibit "A").

10. William and Constance declared no other interest in any other real property in their Schedules.

11. The Trustee's investigation revealed that Constance held a joint interest in another parcel of real property, more fully described below, as of March 24, 1995 (see Exhibit "B", copy of Quit-Claim Deed).

12. The real property parcel referenced in paragraph #11 above contains the following legal description:

    The North 75 feet of the South 150 feet of Lots 74 and 75, Barnett Subdivision, according to the recorded Plat thereof, as recorded in Liber 13 of Plats, Page 37, Jackson County Records **("Property")**.

13. Upon information and belief, Mason resides at the Property and has provided no rent nor any other

consideration to Constance relative to Constance's interest in the Property.

14. Upon information and belief, the Property was free and clear of liens as of the time of the bankruptcy filing.

15. The Property has an estimated fair market value of $77,000.00 (see Exhibit "C", copy of Real Estate Summary Sheet).

16. Upon information and belief, there has been no subsequent transfer of the Property since March 24, 1995 other than the transfer of Dewey's interest in the Property which occurred by operation of law upon the death of Dewey.

**Count I**
**Property of the Estate and Turnover of Property of the Estate**

17. The Trustee restates the allegations contained in paragraphs 1 through 16 above and incorporates them herein by reference.

18. Pursuant to 11 U.S.C. §541, the Property is considered property of the Estate as Constance held a joint interest in the Property as of 1995 which said interest continued as of the date of commencement and conversion of her bankruptcy case.

19. The turnover of the Property and/or proceeds/funds derived from the Property to the Trustee is appropriate pursuant to 11 U.S.C. §542 and/or §543.

20. The Property and/or proceeds/funds derived from the Property should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§541, 542, 543, 550 and 551.

**Count II**
**Claim Disallowance**

21. The Trustee restates the allegations contained in paragraph 1 through 20 above and incorporates them herein by reference.

22. 11 U.S.C. §502(d) provides that the Court shall disallow any claim of an entity from which property is recoverable under §§542, 543, and/or 550, unless such entity has made a payment or turned over any such property under §§542, 543 or 550.

23. There has not been a turnover of the Property or a payment by Mason relative to the Property. Therefore, any present or future claims that Constance and/or Mason may have against the Estate should be disallowed.

**Count III**
**Sale of Interest of Constance and Mason in Real Property**

24. The Trustee restates the allegations contained in paragraph 1 through 23 above and incorporates them herein by reference.

25. Upon information and belief, Constance holds a one-half interest in the Property.

26. Non-exempt equity exists in the Property for administration by the Trustee and for distribution to unsecured creditors of the Estate.

27. The Trustee desires to sell the Property following the successful turnover of the Property to the Trustee.

28. The Trustee will utilize one-half of the net sale proceeds from Constance's interest in the Property for the benefit of the Estate with the remaining one-half of the net sale proceeds to be turned over to Mason.

29. The Property is one in which partition between the Estate and Mason is impractical.

30. The Estate's one-half interest in the Property will be virtually impossible to obtain under the current circumstances and, thus, sale of the Property would realize significantly less for the Estate versus sale of the Property free of the interest of Constance and Mason.

31. The benefit to the Estate, by virtue of the sale of the Property free of the interest of Constance and Mason, outweighs the detriment to said parties since Mason will be financially compensated for his one-half

interest in the Property via one-half of the net sale proceeds from the Property.

32. Upon information and belief, the Property is not used in the production, transmission or distribution, for sale of electric energy, or of natural, or synthetic gas or heat, light or power.

WHEREFORE, the Trustee requests that this Honorable Court enter a money judgment against Mason in the amount of $38,500.00, plus all statutory interest on said amount from the date of filing until current and all administrative fees/costs of the Trustee including, but not limited to, attorney fees and costs. In the alternative, the Trustee requests that this Honorable Court enter an order for turnover, recovery and preservation of the Property for the benefit of the Bankruptcy Estate, and disallow any claim that Constance L. Welsh and/or James A. Mason may have against the Bankruptcy Estate. Further, the Trustee respectfully requests that this Honorable Court grant the Trustee authority to sell both the Estate's interest and the interest of James A. Mason in the Property for the reasons above stated and grant such other and further relief as this Court deems just and proper including attorney fees and costs.

Respectfully submitted,

LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.

Dated: 09/13/07 BY: /s/ Winnifred P. Boylan

WINNIFRED P. BOYLAN (P56587)
Attorneys for Plaintiff
P.O. Box 835
Bay City, MI 48707-0835
Phone: (989) 893-3518

(6/90)

In re: WILLIAM P. WELSH, Sr. CONSTANCE L. WELSH, Sr. , Case No. 03-23181

Debtor (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 139 Broken Arrow Trail, Hougton Lake, MI | Fee Owner | J | $ 104,000.00 | $ 87,605.00 |
| | | Total ➤ | $ 104,000.00 | |

(Report also on Summary of Schedules.)

EXHIBIT "A"

LIBER 1460 PAGE 387

**QUIT CLAIM DEED**

KNOW ALL MEN BY THESE PRESENCE that MARY B. DEWEY, a single woman, JAMES A. MASON, a married man, and CONSTANCE L. WELSH, a married woman, whose address is 5443 Sharon Drive, Jackson, Michigan 49203, as tenants in common, Quit Claim to MARY B. DEWEY, a single woman, JAMES A. MASON, a married man, and CONSTANCE L. WELSH, a married woman, whose address is 5443 Sharon Drive, Jackson, Michigan 49203, as joint tenants with full rights of survivorship, land situated in the township of Summit, county of Jackson, state of Michigan, to-wit:

The North 75 feet of the South 150 feet of Lots 74 and 75, Barnett Subdivision, according to the recorded Plat thereof, as recorded in Liber 13 of Plats, Page 37, Jackson County Records.

Subject to easements and restrictions of record, and right of way in favor of Consumers Power Company as evidenced by instrument recorded in Liber 365, Page 119 and in Liber 365, Page 255, Jackson County Records, and installments of existing special assessments due hereafter which shall be paid by second party.

For the full consideration of a sum less than One (1) Dollar, exempt pursuant to MCLA 207.505 (a) and MCLA 207.526 (i).

Dated this 8th day of March, 1995.

WITNESSES:

KAREN S. HENRY — MARY B. DEWEY

W.B. RAYMER — JAMES A. MASON

$ 2.00 REMONUMENTATION
$ 9.00 QUIT CLAIM DEED

State of Michigan )
)ss.
County of Jackson )

The foregoing instrument was acknowledged before me this 8th day of March, 1995, by MARY B. DEWEY and JAMES A. MASON, executed by them of their own free will and voluntary act.

My Commission Expires:
02-25-96

W.B. RAYMER, Notary Public
State of Michigan
County of Jackson

STATE OF MICHIGAN
JACKSON COUNTY
RECORDED

Dated this 13 day of March, 1995.

WITNESSES:

24 MAR 95 9:04 A.M.

Brenda Ensing — CONSTANCE L. WELSH

GERALD J. McDEVITT
REGISTER OF DEEDS

Jolene Kerns

EXHIBIT "B"

The foregoing instrument was acknowledged before me this 13 day of March, 1995, by CONSTANCE L. WELSH, executed by her of her n free will and voluntary act.

My Commission Expires:
JACCI POHCOF
Notary Public, Roscommon County, MI
My Commission Expires July 27, 1996

________________________, Notary Public
State of Michigan
County of XXXXXX Roscommon

Recording Fee ____________
State Transfer Tax ________
Tax Parcel # ____________

PREPARED WITHOUT OPINION BY:
W.B. Raymer, P.C.
Attorney at Law
6650 West Brooklyn Road
Napoleon, Michigan 49261-0250

WHEN RECORDED, RETURN TO:
Grantees

SUBSEQUENT TAX BILLS TO:
Grantees

***Information herein deemed reliable but not guaranteed***
06/08/2007 03:09 PM REAL ESTATE SUMMARY SHEET

Parcel: 080-13-26-253-092-00 Owner's Name: DEWEY, MARY B

Property Address: 5443 SHARON DR Map #:

Cur. Class : 401 Gov. Unit: 17 SUMMIT School: 38020 Vandercook Lake
Prev. Class: 401 Neighborhood:

Liber/Page: Created: / / Split: / / Active

Legal Description:
THE N 75 FT OF THE S 150 FT OF LOTS 74
AND 75 BARNETT SUBDIVISION

Mailing Address:
MASON, JAMES & CONSTANCE WE
5443 SHARON DR
JACKSON MI 49203

---------------- Physical Property Characteristics ------------------

| | | |
|---|---|---|
| 2004 S.E.V.: 38,500 | Taxable: 26,835 | Lot Dimen: |
| 2003 S.E.V.: 38,500 | Taxable: 26,232 | Acreage: 0.00 |
| Zoning: | Land Value: | Frontage: 0.0 |
| PRE: 100.000% | Land Impr. Value: | Average Depth: 0.0 |

EXHIBIT "C"